■ Alexander Reus, Appellant-Respondent, v Andreas W. Tilp, Respondent-Appellant. [32 NYS3d 498]—

---

Order and judgment (one paper), Supreme Court, New York County (Saliann Scarpulla, J.), entered December 16, 2015, which, to the extent appealed from, denied plaintiff's motion for summary judgment on his first cause of action, and granted defendant's motion for summary judgment on that cause of action to the extent of declaring that defendant's ownership interest in the parties' former Florida law firm and his fee-sharing arrangement with plaintiff under the parties' settlement agreement are valid; granted defendant's motion for summary judgment dismissing plaintiff's fourteenth affirmative defense; granted plaintiff's motion for summary judgment declaring in its favor on the second cause of action with respect to a Foundation matter and denied defendant's motion for summary judgment dismissing the Foundation matter claim, and declared that all fees that plaintiff received from Grant & Eisenhofer, P.A. in connection with the Foundation matter belong solely to him and are not subject to any fee-splitting with defendant under the settlement agreement; and granted plaintiff's motion for summary judgment dismissing defendant's second counterclaim, for legal fees from the Foundation matter, unanimously affirmed, with costs.

Under Florida law, even if the parties' fee-sharing agreement and ownership agreement violated Florida's attorney disciplinary rules, the violation does not provide a basis for invalidating those agreements (*Mark Jay Kaufman, P.A. v Davis & Meadows, P.A.*, 600 So 2d 1208, 1211 [Fla Dist Ct App 1992]; *Lee v Florida Dept. of Ins. and Treasurer*, 586 So 2d 1185, 1188 [Fla Dist Ct App 1991]).

Plaintiff made a prima facie showing that the fees paid to him in the Foundation matter are not governed by the parties' settlement agreement and that he is therefore entitled to keep all of those fees. In opposition, defendant failed to raise a triable issue of fact.

We have considered the appealing parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.